THE TAUNTON IRON COMPANY vs. CHARLES RICHMOND, JR.

In a suit, commenced against the members of a partnership that is dissolved, and prose-
cuted against one of them only, entries by him in the partnership books, concerning
the partnership business, though made after the dissolution of the partnership, or
made under his direction by a clerk employed for the purpose, are competent evi-
dence for the plaintiff, subject to such explanations and controlling evidence as may
be given by the defendant, in regard to particular entries.

The report of an auditor, appointed under the Rev. Sts. c. 96, § 25, to state the ac-
counts of parties to an action, is *primâ facie* evidence on the trial of the action by
a jury, and changes the burden of proof, although the auditor reports the evidence
from which he draws his conclusions.

THIS was an action of assumpsit, originally brought against Samuel Crocker, Charles Richmond, sen. and the present defendant, as partners, under the name of the Taunton Iron Foundry, upon the common money counts and an account annexed to the writ. At the April term 1843, the plaintiffs discontinued against said Crocker and Richmond, sen. (they having been discharged under the insolvent laws,) and proceeded against the present defendant alone. After the case was opened to the jury, at that term, it was referred to an auditor, to state the accounts between the parties; and he made his report at the April term 1844, when a trial was had, before *Hubbard*, J.

The report of the auditor was read to the jury; but the defendant objected to the introduction of the books of the Taunton Iron Foundry, to support any of the charges made by the plaintiffs. These books consisted of a leger, journal, two day books and a cash book. The entries therein were principally made by John W. Hixon, who testified that he kept the books from 1838 to 1841, and that the defendant had the general control over the whole business. It appeared that the entries, after the beginning of 1841, were principally made by the defendant, but that the books were kept irregularly, and that, in June 1841, a number of entries were made together, on the journal, by the defendant.

The defendant also objected, that in April 1840, there was, *de facto*, a dissolution of the concern of the Taunton Iron

Foundry, and that the property of the company of that name was sold to said Hixon, the clerk, and that the defendant left Taunton and went to New York; and that, at least after that period, the books were not competent evidence to charge the defendant. But the judge ruled, that as these books had been kept under the direction of the defendant, up to April 1840; and as the charges which were afterwards made were made in the closing of the business; and as, in 1841, they were principally made by the defendant himself; the books were *primâ facie* evidence of the charges contained in them; but that they were open to correction, in every case where an error existed, and might be controlled by other testimony.

The defendant contended, in regard to the auditor's report, that when the evidence, upon which the auditor had allowed any item of charge, was reported, his allowance of such item afforded no presumption that it was properly allowed; but that the evidence, being reported, was open for the jury to pass upon, with no presumption in favor of the charge, and that the burden of proof was still upon the plaintiffs. But the judge instructed the jury, that when the auditor had allowed charges, his report afforded *primâ facie* evidence of their correctness, although he reported the evidence upon which he formed his opinion; yet that it was the duty of the jury to examine the evidence thus reported, and that they were at perfect liberty to come to a different conclusion from that of the auditor, and to disallow the charges, or any of them, if they were not satisfied that the evidence sustained them.

The jury returned a verdict for the plaintiffs. Verdict to be set aside and a new trial granted, if either of the above rulings or instructions was erroneous; otherwise, judgment to be entered on the verdict.

*Coffin,* for the defendant.

*C. H. Warren,* for the plaintiffs.

Shaw, C. J. The suit being brought against the defendant, Charles Richmond, jr. and others, as partners carrying on business in the name and style of the Taunton Iron Foundry, and the other defendants having been discharged under the insol-

vent laws, the question is, whether the books kept by the partners were competent evidence, when offered by the plaintiffs, especially the entries made after an actual dissolution of the partnership. It appeared that these books related to the business of the firm, as well after the dissolution as before; that some of the entries were made by the defendant himself; that the books were kept under his direction, and by a clerk employed for the purpose. The court are of opinion, that they were rightly admitted as competent evidence, subject to such explanations and controlling evidence as might be given in regard to particular entries; and that they were to be regarded as the books of the firm, so long as the partnership business remained open and unsettled, although entries continued to be made after the dissolution.

The court are also of opinion, that the direction of the judge was right, in stating that the report of an auditor, made pursuant to Rev. Sts. *c.* 96, § 25, is *primâ facie* evidence for the party in whose favor it is made, in regard to any item; (*Allen* v. *Hawks*, 11 Pick. 359; *Lazarus* v. *Commonwealth Ins. Co.* 19 Pick. 81; *Jones* v. *Stevens*, 5 Met. 373;) subject to the reconsideration of the jury, either upon the evidence contained in the report, or upon any other counteracting evidence; and that this rule is not changed by the fact that the auditor, at the request of either party, or otherwise, has reported the evidence from which he drew his conclusions. *Commonwealth* v. *Inhabitants of Cambridge*, 4 Met. 35.

*Judgment on the verdict.*